Angela Beth Freeman
1522 Andover Dr
Cheyenne Wyo. 82001
menacronin@yahoo.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 DEC -6 AM 9: 43

MARGARET BOTKINS, CLERK
CHEYENNE

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| Angela Beth Freeman, *sui juris,* a woman | § § § | CIVIL ACTION No. 21-CV-219-S |
| *Plaintiff,* | § § | **PETITION FOR** |
| vs. | § § § | **DECLARATORY JUDGEMENT** *AND* **VERIFIED CLAIM FOR** |
| | § | **DAMAGES** |
| Margaret Crespo, a woman, | § | |
| Laramie County School District #1 President | § § | |
| | § | |
| *Defendant.* | § § | |

## DO NOT TRESPASS ON THIS CASE!

## PETITION FOR DECLARATORY JUDGEMENT AND CIVIL CLAIM FOR DAMAGES

*NOW COMES* Angela Freeman, hereinafter referred to as "Plaintiff," in their court of

record, being one of the people of Wyoming neither in the capacity as a citizen of the State of

Wyoming nor as a citizen of the United States, to freely exercise her right to a trial by jury in a

suit at common law guaranteed to her by the seventh amendment to the United States

Constitution. Plaintiff moves the court to consider their civil action in the form of a "private

Attorney General" as Plaintiff is suing on her own behalf and on behalf of all others similarly

situated. Plaintiff will show that Plaintiff was subjected to deprivation of rights secured by the

United States Constitution. Plaintiff will show that said deprivation of constitutionally secured rights amounted to predicate acts, practiced and participated in, by Defendant who is a public servant and who exceeded their authority granted to them by We The People. Plaintiff will further show that the above referenced combination amounted to a carefully crafted criminal enterprise, organized and orchestrated by Defendant toward the outcome of depriving Plaintiff, and others similarly situated, of her constitutionally secured rights in order to secure federal funding; and to seek publicity, favors, and political positions of power to the detriment of the Plaintiff and all similarly situated Wyomingites within the Laramie County School District #1 boundaries.

## I. INTRODUCTION

The basis for this suit began more than 18 months ago, on or around March of 2020. At that time, the Executive Branch of Wyoming broadcasted via public television, print media, and social media channels to Plaintiff, and all other Wyomingites, that there was an alleged public emergency due to an alleged new virus, dubbed 'SARS-CoV-2' or 'COVID-19.' The Executive Branch gave no verified scientific proof to support their claim of a public emergency. Nevertheless, The previous Laramie County School District #1 acting on the claim of a 'public emergency' chose to impose unwarranted and unlawful authority, without a court order, over Plaintiff and Plaintiff's property [Offspring] using their supposed 'public emergency' as their justification to do so. Even if the Executive Branch and the previous Laramie County School District #1 had given "verified scientific proof" that their alleged new 'virus' warranted such extreme measures, the United States Constitution governs all of their actions and prohibits Defendant and previous school administration, who is a public servant, from taking extreme actions that would violate Constitutionally protected rights of the Plaintiff and her property.

Nevertheless, and notwithstanding the aforementioned, Defendant issued a number of "orders" after (on or about) June 2021 via published documentation which they claimed gave them jurisdiction over Plaintiff and her property, aimed at limiting Constitutionally secured rights of Plaintiff and Plaintiff's property and all other Wyomingites within Laramie County School District #1 boundaries similarly situated in order to attempt to 'slow the spread' of their alleged new 'virus'. Defendant failed to give any verifiable scientific proof of the existence of their alleged new 'virus'. Defendant is operating under the assumption that their alleged, unverified, new 'virus' warranted extreme remedies which included suspending Constitutionally

secured rights, quarantining the healthy, and forcing medical interventions up to and including mandatory testing and facial coverings in order to enter or participate in public school accommodations, athletics, and activities.

Plaintiff, Plaintiff's property, and all others similarly situated, were considered sick until proven healthy. Defendant's unwarranted mitigation efforts included: "social distancing measures (no scientific data was given, nor has any been given to date to support that their measure had/has any effect in slowing the spread of their alleged new 'virus')", "face coverings/masks (again, no scientific data was given nor has any been given to date to support that her measure had/has any effect in slowing the spread of their alleged new 'virus')", "quarantining without a proper diagnosis by a medical professional and/or without a court order (again, no scientific data was given nor has any been given to date to support that their measure had/has any effect in slowing the spread of their alleged new 'virus')," and forced diagnosis by personnel who carry no medical license and are not trained to diagnose or treat a potentially communicable disease. Furthermore, Defendant required compliance to these extreme measures by using force, threat, and duress, using law enforcement and the local county health department to enforce said "orders" under color of law and with the threat of fines, fees, and/or suspending access to public school accommodations without a lawful court order to do so.

Starting on or about November of 2021, Plaintiff exercised her First Amendment rights to seek a redress of grievances from her government by petitioning the Defendant, who is a public servant having issued said 'orders', using verified, notarized, legal affidavits, to make Defendant aware that they were stepping outside of their Constitutional authority granted to them by We The People of Wyoming. Plaintiff sent Defendant multiple affidavits, to bring awareness to Defendant of the harm and damages that did and could put Plaintiff and her property at risk of harm by the actions of the Defendant. All of the affidavits went unanswered.

Moreover, Plaintiff sent affidavits titled the *"Affidavit of Status"* which rebutted any presumption of jurisdiction over Plaintiff and her property; the *"Affidavit of Fact"* which rebutted the extreme measures Defendant implemented and executed and notified Defendant that they could potentially be in violation of state and federal law; and the *"Notice of Claim"* that carried with it financial penalties if Defendant chose to ignore these notices and affidavits; again attempting to seek a civil redress of their grievances, but Defendant chose to ignore all of these lawful documents. In all, Plaintiff sent affidavits/notices which, as beneficiaries of the trust indenture, *required* a response if Defendant disagreed with anything in said affidavits/notices

and pursuant to the common law Maxim of Commerce: *All are equal under the law, in commerce truth is sovereign, truth is expressed in the form of an affidavit, an unrebutted affidavit stands as truth in commerce, an unrebutted affidavit becomes the judgment in commerce, sacrifice is the measure of credibility.* Defendant chose to ignore *ALL* affidavits and notices and, pursuant to the common law maxim: *He who does not deny, admits;* by her silence and inaction have tacitly agreed to the facts and claims stated therein, and therefore pursuant to Fed.R.Civ.P. 8(b)(6) are estopped from objecting to the information contained within the affidavits and the claims made against them. These affidavits now stand as fact as a matter of law. As a result of Defendant inaction to the affidavits and notices, Plaintiff's constitutionally protected rights were violated and Plaintiff was harmed by Defendant's actions.

This suit is a FINAL attempt and constitutes a 1st Amendment petition for redress of grievances protected by the United States Constitution. Plaintiff moves this Honorable Court to GRANT their petition and claim.

## JURISDICTION AND VENUE

1. This court has federal question jurisdiction over Plaintiff 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), (4).

2. This court has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions giving rise to Plaintiff claims occurred in the District of Wyoming.

4. The rules governing her action are, in order of superiority:

   a. The rules of the common law;

   b. The Federal Rules of Civil Procedure;

   c. The District of Wyoming Court Civil Rules of Procedure;

   d. The Federal Rules of Evidence

5. Plaintiff is NOT a member of the B.A.R. Association and is not under oath or contract to strictly follow the rules of civil procedure. Furthermore, the courts have held that action that is brought by sovereign individual, in their *sui juris* capacity, is not to be held to the same high standards as action brought by licensed attorneys. All that is required is that the pleading be in a format that *"any reasonable person could understand"* which their pleading conforms to.

## NATURE OF CLAIM

4. This action arises under 42 U.S.C. § 1983 to redress deprivations of Plaintiff' rights through acts and/or omissions of Defendant committed under color of law. Specifically here, defendant deprived Plaintiff of their rights under the First, Fourth, Fifth, Sixth, Seventh, Ninth, Thirteenth, and Fourteenth Amendments to the Constitution for the United States of America.

5. Additionally, Plaintiff relies upon the Court's pendent jurisdiction to assert the Wyoming state claims of assault, reckless endangerment, extortion, coercion, criminal impersonation, and forgery.

## PARTIES

6. The Plaintiff, Angela Beth Freeman, *sui juris* (Herein after Plaintiff) is a Private Citizen of Wyoming "state" and owns a piece of land situated within, but outside, the limits and jurisdiction of Laramie County School District #1, Laramie County, Wyoming "state", and can sue or be sued.

7. The Defendant, Margaret Crespo , a woman, in her private and official capacity, (Herein after Defendant) is a citizen of the State of Wyoming, Laramie County, President of Laramie County School District #1 and can sue and be sued.

## Plaintiff's STATUS

8. The status of the Plaintiff is *"sui juris"*, not *"pro se"* or *"pro per."* Plaintiff is a human being and therefore is NOT, nor could NOT be a, *statutory person nor artificial person.* Plaintiff reserves all rights, waiving none ever. (See Exhibit-1 for further clarification).

## REQUEST FOR ALTERNATIVE SERVICE

9. Inasmuch as Defendant, though sued in their individual capacity, is a public official, Plaintiff request leave of the court to allow service of Defendant at her places of public employment. Plaintiff does not have the home address of any public official, and will not seek the same unless required to give personal service to said Defendant's home.

## REQUEST OF GRAND JURY EMPANELMENT

10. Plaintiff respectfully request that this court impanel a Grand Jury for the purpose of investigating the crimes uncovered in their matter.

## STATEMENT OF FACTS

11. Exhibit-1 (*Affidavit of Status*), Exhibit-2 (*Affidavit of Fact*), Exhibit-3 (*Notice of Claim*), and Exhibit-4 (Laramie County School District #1 Smart Start Plan), Exhibit-5 (Citizen's Criminal Complaint), Exhibit-6, (Wyoming ARP ESSER FUND Plan), Exhibit-7 (Notary Verification Sheet of Exhibit 1,2,3), are included by reference as though fully stated herein.

12. Angela Beth Freeman, *sui juris,* is a woman and one of the sovereign people of the State of Wyoming. As such, she is guaranteed certain unalienable rights which are guaranteed to her by the United States Constitution and the Wyoming Constitution. At all times during the course of this action, these rights were in place for the enjoyment of the Plaintiff and Plaintiff's property as all are equal under the law and under the eyes of God.

13. On or about March of 2020, The Executive Branch of Wyoming issued an emergency order based on an alleged new 'virus' dubbed the 'SARS-CoV-2' or 'COVID-19' virus.

14. The Executive Branch gave no verified scientific proof to support their claim of a public emergency.

15. The Executive Branch gave no verified scientific proof to support their claim that this alleged new 'virus' even existed. (*It should be noted that to this day their 'new virus' or any of its supposed variants have not been isolated to prove its existence.*)

16. As a result of the Executive Branch's state of emergency and subsequent order, schools, including those in Laramie County School District #1, were ordered closed for in-person learning for the remainder of the 2019-2020 school year.

17. Plaintiff and her property had a reasonable expectation to be able to finish the school year unmolested.

18. The previous Laramie County School District #1 administration ordered that the schools within the district were to be closed for in-person learning for the remainder of the 2019-2020 school year.

19. As a result of the school closures, Plaintiff's properties' right to access public school accommodations were violated.

20. Plaintiff was forced to accept these closures at the time under duress.

21. On or about September 8, 2021, Defendant published the requirements for the Laramie County School District #1 titled/or referenced "Smart Start Plan" (Exhibit-4)

This template outlined the requirements set forth by Defendant for Laramie County School District #1 schools to open to students within the district and to Plaintiff's property [Offspring].

22. Defendant required that these requirements be followed strictly by Laramie County School District #1 staff, students, Plaintiff, and Plaintiff's property.

23. At no time did Defendant have jurisdiction over Plaintiff or Plaintiff's property nor did Defendant have a court ordered judgment against Plaintiff that would authorize the actions taken by Defendant.

24. Defendant acted outside of her authority given to them by We The People.

25. As a condition of in person learning, Defendant required that Laramie County School District #1 students and Plaintiff's property be required to social distance in classrooms, wear masks at all times, and quarantine ("mitigation efforts") when the threshold of the number of allowable confirmed cases was above the allowable number set per school.

26. Defendant produced no court order to support these measures.

27. Defendant holds no license to practice medicine as is required by state law.

28. Defendant has no formal training necessary to be able to diagnose or treat a potentially communicable disease.

29. Defendant required protected medical information under the Health Insurance and Portability Accountability Act (HIPAA) when Laramie County School District #1 students and Plaintiff's property wanted an exemption to these "mitigation efforts."

30. Plaintiff's property, and other Laramie County School District #1 students similarly situated, were subjected to discrimination when granted an exemption from the "mitigation efforts."

31. Plaintiff's property, and other Laramie County School District #1 students similarly situated, had reasonable expectations that reasonable accommodations would be granted as is required by state and federal law.

32. However, Defendant required that Plaintiff's property and other Wyoming students who could not/would not abide by these "mitigation efforts" not be allowed to access public school accommodations and would be required to participate in online/at home learning.

33. Under duress and threat of menace, Plaintiff and Plaintiff's property accepted the "mitigation efforts."

34. Beginning on or about November 9, 2021, Plaintiff attempted a civil redress of her grievances.

35. On November 8, 2021, Plaintiff sent the original notarized copy Affidavit packet (Exhibit-7) Notary Verification Sheet, to Defendant alleging that Defendant could be in violation of clearly established state and federal laws.

36. Plaintiff's *Affidavit of Status* (Exhibit-1) notified Defendant of Plaintiff's status and rebutted any presumption of jurisdiction that Defendant claimed to have had over Plaintiff or Plaintiff's property.

37. Plaintiff's *Affidavit of Fact* (Exhibit-2) notified Defendant of the alleged laws that Defendant could be in violation of and required the obligation [contract] with Plaintiff's wet signature granting Defendant the authority to impose the "mitigation efforts" on Plaintiff and Plaintiff's property.

38. Plaintiff's *Notice of Claim* (Exhibit-3) notified the Defendant of the potential financial penalties for non-reply to the aforementioned *Affidavit of Status* and *Affidavit of Fact*.

39. Plaintiff gave adequate notice and time for Defendant to respond to Plaintiff's affidavits with their own affidavits and allowed Defendant time to rebut said affidavits, point for point.

40. Plaintiff received no such affidavits.

41. Administrative remedy has been exhausted.

42. On or about November, 2021, Plaintiff mailed a citizen's criminal complaint (Exhibit-5), signed under penalty of perjury, to the local District Attorney of Laramie County, Leigh Anne Manlove, the Attorney General of Wyoming, Bridget Hill, and to the local special agent in charge for the FBI field office in Denver Colorado.

43. Plaintiff's citizen's criminal complaint asked that a Grand Jury be empaneled to investigate the allegations set forth in the complaint. (see Exhibit-5)

44. To date, no known investigation or action has taken place.

45. Defendant has shown no attempt to resolve the grievances of Plaintiff.

46. Defendant has shown no attempt to change their ways.

47. Defendant is in default of Plaintiff's *Affidavits* and *Notice of Claim*.

48. Plaintiff's *Affidavits and Notices* stand as fact as a matter of law according to the rules of common law.

49. Plaintiff is entitled to relief under 42 U.S.C. Section 1983.

# FIRST CAUSE OF ACTION: DECLARATORY JUDGEMENT AND FEDERAL QUESTION

50. Plaintiff adopts and realleges paragraphs 1 through 49 of her complaint as though fully stated herein.

51. The previous administration did on various occasions in the months of March-December, 2020 and then again in January through June 2021, then which the Defendant starting September 8th continues to the Present, enforce mandates under the color of law that have not been properly enacted by the State of Wyoming to enforce upon and extinguish the rights of the Plaintiff, to the bitter end of forcing Plaintiff and Plaintiff's property into involuntary servitude. The mandates enforced by the Defendant have not been enacted by the State of Wyoming according to the provisions of Article 3, section 27 of the Wyoming Constitution.

52. The Defendant trespassed upon Plaintiff's rights, without due process of law, without probable cause and without a proper warrant, to deprive the Plaintiff and her property of their rights.

53. To make a civil infraction out of the use of, and the right to, access public accommodations, is an arbitrary and capricious abuse of legislative discretion, without due process of law, such conduct is a direct assault on the Plaintiff's rights without consideration and in disregard of the facts.

54. On or about September 2021 to this Present day , the Defendant did deny rights clearly belonging to Plaintiff and Plaintiff's property, under the guise of enactment of state laws and federal laws, among others, without just compensation.

55. 1st **Federal Question:** When in the course of the business affairs of Defendant, coming against the rights belonging to Plaintiff and Plaintiff's property, is the Defendant subject to the Wyoming Constitution and the United States Constitution? Plaintiff contend yes, but Defendant did not.

56. Therefore, the Plaintiff is entitled to injunctive relief against Defendant, to enjoin the Defendant from enforcing unconstitutional actions against Plaintiff and all others similarly situated.

57. **2ⁿᵈ Federal Question:** Must laws enacted by the State of Wyoming and adopted by the Defendant, be in compliance with Article 3 section 27 of the Wyoming Constitution? Plaintiff contends yes, but said laws have not been properly enacted by the state for the Defendant to adopt.

58. Therefore, the Plaintiff is entitled to injunctive relief against Defendant, to enjoin the Defendant from enforcing unconstitutional laws against Plaintiff and all others similarly situated.

59. **3ʳᵈ Federal Question:** Must the Defendant comply with Wyoming law, Federal law, the United States Constitution and the Wyoming State Constitution? The Plaintiff contend yes, but Defendant did not.

60. Therefore, the Plaintiff is entitled to injunctive relief against Defendant, to enjoin the Defendant from enforcing unconstitutional actions against Plaintiff and all others similarly situated.

Wherefore, Plaintiff requests judgment against Defendant.

## COUNT 1: VIOLATION OF 42 U.S.C. SECTION 1983
### (FREEDOM OF RELIGION, FREEDOM OF SPEECH, RIGHT TO BE SECURE IN PERSONS AND PAPERS, DUE PROCESS AND EQUAL PROTECTION CLAUSES, INHERENT RIGHT TO ACCESS PUBLIC ACCOMODATIONS)

61. Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 60 above with the same force and effect as if herein set forth.

62. At all relevant times herein, Plaintiff and Plaintiff's property had a right to practice their religion as they saw fit, to speak freely without fear of retribution, to be secure in their persons and papers, a substantive right to access public school accommodations, and a right under the due process and equal protection clauses of the state and federal constitutions not to be deprived of their constitutionally protected interest in their property [Offspring]. *U.S.C. Const. Amends. 1, 4, 5, 9, 14*; *Wyoming. Const. Art. 1, Sec. 1, 6, 7, 18, 20, 36, 37, 38(d).*

63. At all times relevant herein, the Defendant was a state actor and her conduct was subject to 42 U.S.C. sections 1983, 1985, and 1988.

"*Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of Section 1983 actions.*" ***Dennis v. Sparks****.* 449 U.S. 24, 27-28 (1980).

64. Acting under the color of law, Defendant worked to deny Plaintiff and Plaintiff's property their rights, privileges, or immunities secured by the United States Constitution or by Federal and State law and guaranteed by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States, to wit, they sought and got compliance to their orders based on their misrepresentations.

***Soto v. Flores****,* 103 F.3d 1056, 1061 (1st Cir. 1997); ***McNamara v. Honeyman****,* 406 Mass. 43, 52 (1989).

65. As a result of Defendant's concerted, unlawful, and malicious conduct, Plaintiff and Plaintiff's property were both deprived of their rights to equal protection of all the laws and to due process of law, of their right to govern their property as they saw fit, their right to be secure in their persons and papers, their right to access public school accommodations, all in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Sec. 1983.

66. Plaintiff's property [Offspring] was harmed and has suffered the loss of confidence in and feelings of betrayal by the Laramie County School District #1, shock, and emotional scarring, all compensable as emotional distress, and other damages.

67. The rule is well settled, however, that if the natural consequence of the wrongful act, done willfully or with gross negligence, is mental suffering to the Plaintiff, then that element may be considered in assessing damages.

*Stiles, 233 Mass. at 185, cites omitted. "Good faith and absence of malice in the perpetration of such a palpable wrong to the plaintiff constitute no defense to the defendants against the almost inevitable effect of their acts." Id.*

**WHEREFORE,** Plaintiff demands judgment for the violation of her civil rights against the Defendant for actual, general, special, punitive damages in the amount of $7,997,900.00 and further demands judgment against Defendant for additional damages in an amount to be determined by the jury, plus the costs of her action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

*"Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights." Smith v. Wade*, 461 U.S. 30, 50-51 ((1983); *Clark v. Taylor*, 710 F.2d 4, 14 (1st Cir. 1983). Miga, *supra* at 355.

## COUNT 2: VIOLATION OF 42 U.S.C SECTION 1985 (3)
### (CONSPIRACY)

68. Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 67 above with the same force and effect as if herein set forth.

69. The conspiratorial purpose was financial.

70. On or around June of 2021, the first step in the conspiracy was taken when the Laramie County School District #1 of Education met to draft their plan for the reopening of Laramie County School District #1 schools later that fall in order to be in compliance with the Wyoming ARP ESSER FUND Plan (Exhibit-6) funding requirements, at the detriment of Laramie County School District #1 students and Plaintiff's property.

71. By misrepresenting the details of the "Laramie County School District #1 " as having the safety and well being of the students as the motivation for her plan, Defendant defrauded Plaintiff's property of their right to be secure in their persons and papers as Defendant's motives were purely financial and not health related as they claimed.

72. Requirements of the Wyoming ARP ESSER FUND Plan (Exhibit-6) stated that certain measures had to be in place and practiced by local school authorities in order for the Defendant to receive federal funding that was offered to them under the guise of "COVID19 mitigating measures".

73. Defendant's motivations were purely financial and no input from Plaintiff or Laramie County School District #1 parents similarly situated was taken into consideration.

74. The scheme of her conspiracy was (1) to disguise the reason for these "mitigation efforts" as concern for the students' health and safety, (2) implement said measures to the detriment of Plaintiff's property and all other Wyoming students, (3) misrepresent that these measures were having any impact when in reality these measures were in place in order to secure millions of dollars from the federal government.

75. There was no data given, nor has any been given, to show that these "mitigation measures" had *any* effect in slowing the spread of the alleged new 'virus', yet Defendant continued to force these measures on Plaintiff's property and all of the other Laramie County School District #1 students.

76. Defendant stood to profit financially from intentionally withholding the underlying reasons these measures were implemented in Laramie County School District #1 schools.

77. The above acts were some of the steps in the conspiracy to commit fraud, if not larceny, with the requisite *mens rea,* upon Plaintiff and Plaintiff's property.

78. The Defendant intentionally interfered with Plaintiff and Plaintiff's property's exercise and enjoyment of their clearly established rights secured by the state and federal constitutions and/or laws of the United States and/or the State of Wyoming, and thereby deprived them of those rights and caused them injuries.

79. As a result of the concerted, unlawful, and malicious conspiracy of the Defendant, Plaintiff, being one of the people, was deprived of her rights to freedom of religion, freedom of speech, right to be secure in her persons and papers, right to access public school accommodations, and both due process and the equal protection of the laws in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. secs. 1983 and 1985.

## INVIDIOUS DISCRIMINATORY ANIMUS: THE DISPARATE IMPACT

In *Aulson v. Blanchard,* 83 F.3d 1, 4 (1996), Judge Selya wrote:
In all events, an unforced reading of Section(s) 1985(3) affords no principled basis for distinguishing between public and private conspiracies. *Griffin [v. Breckenridge,* 403 U.S. 88, 102 (1971)] neither supports nor suggests the existence of such a distinction, and, at any rate, it is not the proper province of a federal court to rewrite a statute under the guise of interpretation. Thus, we decline the plaintiff's invitation to create by judicial fiat two classes of Section(s) 1985(3) conspiracies along a public/private axis.

The problem with that court's conclusion is that it was inherently inconsistent with what it had written earlier in the same opinion, to wit, that the Supreme Court in *Griffin,* "under the guise of interpret[ing] 1985(3)]" [*Aulson,* at 4], had already "placed a gloss on these four elements, effectively adding a fifth requirement." *Aulson,* at 3. That fifth requirement: that "the conspiratorial conduct of which [the plaintiff] complains [must be] propelled by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" Id. at 3, *quoting Griffin,* at 102.

Judge Selya's initial statement was correct: that "it is not the proper province of [any] court to rewrite a statute under the guise of interpretation." That is, however, what the Supreme Court in *Griffin* did. It is quite elementary: Had Congress intended a fifth element, it would have included it when the statute was enacted. To add the element, Smith contends, was improper, and in so adding it, the high Court was usurping the power of the legislature.

80. Plaintiff and her property were harmed, were caused to incur considerable debt for medical and educational services, and have been suffering from anxiety, feelings of hopelessness, loss of trust, loss of confidence in and feelings of betrayal by the Laramie

County School District #1, shock, and emotional scarring, all compensable as emotional distress, and other damages.

*WHEREFORE*, Plaintiff demands judgment for the violation of their civil rights against the Defendant for actual, general, special, punitive damages in the amount of $10,901,000.00 and further demands judgment against Defendant for additional damages in an amount to be determined by the jury, plus the costs of her action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT 3: FRAUD BY OMISSION OR NON-DISCLOSURE

81. Plaintiff repeats, realleges, and incorporate by reference the allegations in paragraphs 1 through 80 above with the same force and effect as if herein set forth.

82. When Defendant published and distributed their Laramie County School District #1 "red" category under the guise of health and safety which they all knew to be neither true nor accurate, they were attempting to defraud Plaintiff and her property and other Laramie County School District #1 parents similarly situated by non-disclosure.

83. In addition, the repeated misrepresentations caused Plaintiff additional medical and educational expenses that were reasonably foreseeable as a possible result of the Defendant's intentional acts.

"Common law fraud can be the basis for a claim of unfair or deceptive practices under the statute [cites omitted], and an intentional fraud can constitute a basis for the multiplication of damages." *McEvoy Travel Bureau, Inc. v. Norton Co.*, 408 Mass. 704, 714 (1990), *PMP Assocs., Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596 (1975); *Levings v. Forbes & Wallace, Inc.*, 8 Mass.App.Ct. 498, 504 (1979). Certain misrepresentations to a plaintiff are actionable under both common law fraud and G.L. c. 93A. *Schwanbeck v. Federal-Mogul Corp.*, 412 Mass. 703, 704-705 (1992) citing *Schwanbeck v. Federal-Mogul Corp.*, 31 Mass.App.Ct. 390, 411-412, 415-416 (1991).

84. The Defendant is responsible not only for their outright untrue written and spoken statements, but also for untruthfully declaring that the "mitigation efforts" were working as intended in order to keep the fraud going as long as possible.

*Kozdras v. Land/Vest Properties, Inc.*, 382 Mass. 34, 41 (1980) (where affiant, familiar with the actual facts, made "affidavit either with intent to defraud the Land Court or with such wilful disregard of the facts as to be tantamount to fraud"). *Cf. Zimmerman v. Kent*, 31 Mass.App.Ct. 72, 77-78 (1991) (Where the plaintiff proves "a statement made, as of the party's own knowledge, which is false, provided the thing stated is not merely a matter of opinion, estimate, or judgment, but is susceptible of actual knowledge ... it is not necessary to make any further proof of an actual intent to deceive"), *quoting Snyder v. Sperry & Hutchinson Co.*, 368 Mass. 433, 444 (1975), quoting *Powell v. Rasmussen*, 355 Mass. 117, 118 (1969), in turn quoting *Chatham Furnace Co. v. Moffatt*, 147 Mass. 403, 404 (1888).

85. Plaintiff and her property were harmed and have been caused to incur considerable medical and educational expenses in order to treat her property, offspring, and see that they continued to receive an education. Plaintiff's property have been suffering from anxiety, a feeling of hopelessness, loss of trust, loss of confidence in and feelings of betrayal by the Laramie County School District #1, under direction of Defendant, shock, and emotional scarring, all compensable as emotional distress, and other damages

*WHEREFORE*, Plaintiff demands judgment for the violation of their civil rights against the Defendant for actual, general, special, punitive damages in the amount of $6,505,810.00 and further demands judgment against defendant for additional damages in an amount to be determined by the jury, plus the costs of her action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT 4: COMMON LAW CONSPIRACY

86. Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 85 above with the same force and effect as if herein set forth.

87. The Defendant (a) had an object to be accomplished; (b) had an agreement on the object or course of action, to wit, to deprive Plaintiff and her property of their right to the equal protection of the laws purposely or inadvertently; specifically, the right to practice their religion, the right to freedom of speech, the right to be secure in their persons and papers, and their right to access public school accommodations; (c) performed one or more unlawful overt acts; and (d) caused Plaintiff damages that were a direct result of those actions.

88. In furtherance of their object, Defendant did two or more overt acts against the Plaintiff and her property. Those unlawful overt acts include, but are not limited to, the facts outlined in Count 2, *supra*, conspiracy under section 1985(3).

89. The Defendant is liable for her actions. Ignorance of the law is not a defense.

90. Plaintiff suffered harm and damages, as stated at par. 94, *supra*, as a direct result of those acts.

*WHEREFORE*, Plaintiff demands judgment for the violation of their civil rights against the Defendant for actual, general, special, punitive damages in the amount of $10,261,000.00 and

further demands judgment against Defendant for additional damages in an amount to be determined by the jury, plus the costs of her action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT 5: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

91. Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 90 above with the same force and effect as if herein set forth.

92. The Laramie County School District #1, under direction of Defendant, continually and negligently inflicted emotional distress on the Plaintiff and her property.

93. The Laramie County School District #1, under direction of Defendant, had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on Plaintiff or her property.

94. The Laramie County School District #1 breached their duties to Plaintiff.

95. Plaintiff nor Plaintiff's property never interfered with The Laramie County School District #1's obligations under the above described duties.

96. Plaintiff's property suffered not only physical symptoms but also, as a consequence of the physical injury, mentally by The Laramie County School District #1's breach of duty.

97. Plaintiff's property was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of The Laramie County School District #1, under direction of Defendant,.

98. As a result of Defendant's negligent conduct, Plaintiff's property has suffered and will continue to suffer physical symptoms, such as severe, continuous headaches, suicidal thoughts, weight gain, pain, anguish, severe emotional distress, embarrassment, psychological distress, humiliation, and irreplaceable life events.

99. Defendant Margaret Crespo, a woman;  continually and negligently inflicted emotional distress on the Plaintiff and their property.

100.    Defendant Margaret Crespo, a woman; had a continuing affirmative duty to perform her professional services in such a manner as not to inflict emotional distress on Plaintiff.

101.     Defendant Margaret Crespo, a woman; breached her duties to Plaintiff.

102.     Plaintiff nor Plaintiff's property never interfered with Defendant Margaret Crespo, a woman; obligations under the above described duties.

103.     Plaintiff's property suffered not only physical symptoms but also, as a consequence of the physical injury, mentally by the Defendant Margaret Crespo, a woman; breach of duty.

104.     Plaintiff's property was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of Defendant Margaret Crespo, a woman;.

105.     As a result of Defendant Margaret Crespo, a woman; negligent conduct, Plaintiff's property has suffered and will continue to suffer physical symptoms, such as severe, continuous headaches, suicidal thoughts, weight gain, pain, anguish, severe emotional trauma, embarrassment, and humiliation.


**WHEREFORE**, Plaintiff demands judgment for the violation of her civil rights against all the Defendant, jointly and severally, for actual, general, special, punitive damages in the amount of $12,001,886.00 and further demands judgment against all Defendant, jointly and severally, for additional damages in an amount to be determined by the jury, plus the costs of her action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.


## COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

106.     Plaintiff repeats, realleges, and incorporate by reference the allegations in paragraphs 1 through 105 above with the same force and effect as if herein set forth.

107.     Defendant Margaret Crespo, a woman; and The Laramie County School District #1 intentionally and deliberately inflicted emotional distress on Plaintiff' property by interfering with their civil rights and conspiring against them, thereby destroying their trust in the Wyoming Educational System.

108.     Defendant's conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

109.     The actions of the Defendant were the cause of Plaintiff's property's distress.

110.     The Plaintiff is a reasonable woman.

111.     The emotional distress sustained by Plaintiff's property was severe and of a

nature that no reasonable man or woman could be expected to endure.

*Agis v. Howard Johnson Co.*, 371 Mass. 140, 145 (1976).

112.     As a result of the Defendant's extreme and outrageous conduct, Plaintiff's

property has suffered and with a high degree of likelihood, will continue to suffer mental

pain and anguish, embarrassment, humiliation that they were so betrayed by the

educational system, and severe emotional trauma.

*WHEREFORE*, Plaintiff demands judgment for the violation of her civil rights against the

Defendant for actual, general, special, punitive damages in the amount of $5,901,000.00 and

further demands judgment against Defendant for additional damages in an amount to be

determined by the jury, plus the costs of her action, including attorney's fees, and such other

relief deemed to be just, fair, and appropriate.

## AFFIRMATION

I declare under penalty of perjury under the laws of the Republic of (but not "State of")

Wyoming from *without* the "United States" defined in 28 U.S.C. §1603(c ) and 26 U.S.C.

§7701(a)(10) and only when litigated under the following conditions that the foregoing facts,

exhibits, and statements made by me are true, correct, and complete to the best of my knowledge

and ability in accordance with 28 U.S.C. §1746(1).

1.  Trial by Jury in a court of record.

2.  No jurist or judge may be a "U.S. citizen" under 8 U.S.C. §1401, or a "taxpayer" under

    26 U.S.C. §7701(a)(14).

3.  No jurist or judge, like the Plaintiff, may be in receipt of any federal financial or other

    benefit or employment nor maintain a domicile on federal property.

4.  The common law of the state and no federal law or act of Congress are the rules of

    decision, as required Fed.R.Civ.P. Rule 17(b), 28 U.S.C. §1652, *Erie RR v. Tompkins*,

    304 U.S. 64 (1938).

5.  Any judge who receives retirement or employment benefits derived from Subtitle A of

    the I.R.C. recuse herself/himself in judging the law and defer to the jury instead, as

    required under 18 U.S.C. §208, 28 U.S.C. §144, and 28 U.S.C. §455.

Non-acceptance of their affirmation or refusal to admit all evidence attached to their pleading into the record by the court shall constitute withdrawal of consent to make a general appearance or submit myself to the jurisdiction of their court. Their affirmation is an extension of my right to contract guaranteed under Article 1, Section 10 of the United States Constitution and may not be interfered with by any court of the Untied States.

***Respectfully Submitted:***

_Dec 6 2021_

Dated:

*Angela Beth Freeman*

Angela Beth Freeman
*Sui Juris*, natural person
All rights reserved

## PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AT COMMON LAW

### JURAT

Notary used without prejudice to my rights:

BE IT REMEMBERED, That on their __6__ day of __Dec__ in the year of our LORD, two thousand and twenty-one, personally appeared before me, the Subscriber, a Notary Public for the State of Wyoming, Angela Beth Freeman, party to their Document, known to me to be such, and she acknowledged their Document to be her act and deed. Given under my hand and seal of office, the day and year aforesaid.

TEAH TIPPETTS - NOTARY PUBLIC
COUNTY OF LARAMIE   STATE OF WYOMING
MY COMMISSION EXPIRES 02/23/2025

*Zah Tippetts*

Notary Public Sitting in, and for, The State of Wyoming