Sean W. Scoggin
Wyoming Bar #6-3263
Williams Porter Day & Neville PC
702 Randall Avenue
P. O. Box 748
Cheyenne, WY  82001
(307) 637-5575
(307) 637-5515
sscoggin@wpdn.net
Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| A.F., B.F. & C.F., minors, by and through their Mother, ANGELA BETH FREEMAN, *sui juris,* a woman, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 21-CV-219-S |
| MARGARET CRESPO, a woman, In her official capacity, Laramie County School District #1 President, | ) ) ) ) | |
| Defendant. | ) | |

---

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PETITION FOR DECLARATORY JUDGMENT AND VERIFIED CLAIM FOR DAMAGES

---

**COMES NOW,** the Defendant herein, by and through her attorney, Sean W. Scoggin,

Williams, Porter, Day & Neville, P.C., and respectfully moves the Court to dismiss the Plaintiffs'

Amended Complaint Petition for Declaratory Judgment and Verified Claim for Damages

(hereafter "Amended Complaint") herein pursuant to Rule 12 of the Federal Rules of Civil Procedure.  In support of this Motion, Defendant shows the Court as follows:

## FACTS AS ALLEGED WITHIN PLAINTIFF'S COMPLAINT

1. Plaintiff, Angela Freeman, filed her Petition for Declaratory Judgment and Verified Claim for Damages herein on December 7, 2021. (ECF 1)

2. The Defendant timely filed her Motion to Dismiss the Plaintiff's Petition for Declaratory Judgment and Verified Claim for Damages on December 28, 2021 (ECF 6)

3. The Plaintiffs filed their Amended Complaint herein on January 11, 2022, naming additional Plaintiffs and naming "Margaret Crespo, a woman, in her official capacity, Laramie County School District #1 President" as Defendant. (ECF No. 7)

4. The Plaintiffs allege that they are entitled to declaratory judgment and monetary damages from the Defendant for the following alleged claims of relief:

   a. First Cause of Action:  Declaratory Judgment and Federal Question;

   b. Count 1:  Violation of 42 U.S.C. Section 1983 (Freedom of Religion, Freedom of Speech, Right to be Secure in Persons and Papers, Due Process and Equal Protection Clauses, Inherent Right to Access Public Accommodations);

   c. Count 2:  Violation of 42 U.S.C. Section 1985 (3) Conspiracy;

   d. Count 3:  Fraud by Omission or Non-Disclosure;

   e. Count 4:  Common Law Conspiracy;

   f. Count 5:  Negligent Infliction of Emotion Distress; and

   g. County 6:  Intentional Infliction of Emotional Distress.

   (ECF 7, ¶s 50-112)

5.  In part, Plaintiffs assert claims for damages pursuant to Wyoming state law. Additionally, Plaintiffs assert federal claims pursuant to federal law.

6.  The Plaintiffs appear to assert Wyoming state law claims of "assault, reckless endangerment, extortion, coercion, criminal personation, and forgery." (ECF 7, second ¶ 5)

7.  It appears that generally, Plaintiffs assert federal claims arising out of 42 U.S.C. § 1983. Plaintiffs refer to 42 U.S.C. § 1985, and then more specifically claim that Defendant deprived Plaintiffs of their rights under the First, Fourth, Fifth, Sixth, Seventh, Ninth, Thirteenth and Fourteenth Amendments to the United State Constitution. (ECF 7, ¶ 4).

8.  The basis of Plaintiffs' claims for declaratory judgment and damages is alleged to arise out of the Laramie County School District No. 1's (hereafter "the District") directive for schools to be closed to in-person learning for students for part of the 2019-2020 school year, and directives and requirements for all students within the District to maintain social distancing and wear masks while attending school due to safety concerns from COVID-19. (ECF 7, Introduction section and ¶s 13-33)

9.  The Plaintiffs have initially alleged that Defendant, Margaret Crespo, was acting within the course and scope of her employment with Laramie County School District No. 1. (ECF 7, ¶ 8)   Plaintiffs' amended the caption to this matter to include Defendant's description in the caption as "In her official capacity, Laramie County School District #1 President. (ECF 7, Caption)  Within other pleadings filed herein, Plaintiffs allege that Defendant Crespo was not acting within the court and scope of her employment with the District. (ECF 8). A complete review of the Plaintiffs' Amended Complaint

confirms that the allegations made by Plaintiffs are that Defendant Margaret Crespo was acting within the course and scope of her employment. (ECF 7)

10. At times within the pleadings, Plaintiff, Angela Freeman, alleges, "I am not a citizen, resident, subject, tax payer, et al., of the municipal corporations and private corporations doing business as the County of Laramie, Cheyenne City, State of Wyoming, or of any other municipal corporation, nor does my physical location or the physical location of my Private Property, create duties and obligations upon me to the foregoing municipal corporations, which are Fictions of Law that cannot make claims against a man and his property."  (See ¶ 10, Plaintiff's Affidavit of Status, Exhibit 1 to ECF 1, which appears to be referenced in ECF 7)

11. At other times within the Amended Complaint Plaintiffs allege, that those Plaintiffs that are minors, A.F., B.F. and C.F. are minors who reside in the Laramie County School District 1 and at all times relevant were/are students at the District.  Plaintiffs then allege that Plaintiff, Angela Freeman is filing on behalf of A.F., B.F. and C.F. "pursuant to U.S. 28 Code § 1738 Texas Code Title 5 Ch 102 § 102.003 (a)(1)'" (ECF 7, ¶ 7)

12. Pursuant to W.S. § 1-39-103 the named Defendant is a public employee of a Governmental Entity and therefore covered by the Wyoming Governmental Claims Act (hereafter the "WGCA")

13. Within their Amended Complaint, Plaintiffs allege that they provided the Defendant a Notice of Claim, apparently pursuant to the WCGA, and attached a *Notice of Claim* as Exhibit 3 to their Amended Complaint and said notice attached was not signed and attested to by Plaintiffs.  Additionally, no Notice of Claim was attached or referenced,

4

providing notice of a claim on behalf of A.F., B.F. or C.F. (ECF 7, Notice of Claim, Exhibit 3)

14. The Plaintiffs have not filed a proper notice of a governmental claim as required by W.S. § 1-39-113 and there is not a proper affirmative allegation of the filing of a notice of governmental claim contained within the Plaintiffs' Amended Complaint.

**DISCUSSION/ARGUMENT**

The Plaintiffs' Amended Complaint alleges causes of action including both Wyoming State Law Claims and Federal Claims. For the reasons noted below, it is appropriate, pursuant to Rule 12 of the Federal Rules of Civil Procedure the Complaint and Amended Complaint be dismissed herein.

Rule 12 of the Federal Rules of Civil Procedure, provides in relevant part as follows:

. . .

(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

      (1) lack of subject-matter jurisdiction;

      (2) lack of personal jurisdiction;

      (3) improper venue;

      (4) insufficient process;

      (5) insufficient service of process;

      (6) failure to state a claim upon which relief can be granted; and

      (7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No

defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

. . .

Rule 12 F.R.C.P.

Pursuant to F.R.C.P. 12(b)(1) and (6) it is appropriate this Court dismiss the Plaintiff's Complaint.

## I.     Plaintiffs' State Law Claims

As noted above, according to the allegations of the Plaintiffs contained within their Amended Complaint, Plaintiff, Angela Freeman, is not a student of the District and provides no factual basis within her Complaint that she has legal standing to bring the claim. Additionally, Plaintiffs now allege that Plaintiff, Angela Freeman is filing on behalf of A.F., B.F. and C.F. "pursuant to U.S. 28 Code § 1738 Texas Code Title 5 Ch 102 § 102.003 (a)(1 . (ECF 7, ¶ 7). The case is filed in the District of Wyoming and Texas Code is not applicable to this case as filed within Wyoming.

This action was filed in Wyoming and the cause of action occurred in Wyoming. Therefore, Federal Procedural law and Wyoming Substantive law applies to the Plaintiffs' state law claims.  "Following the Supreme Court's decision in *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and its progeny, district court of the United States sitting in this type of case follow a theoretically simple principle:  federal courts are to apply state substantive law and federal procedural law. *Huff v. Shumate,* 360 F.Supp.2d 1197, 1200 (D.Wyo. 2004).

Pursuant to Wyoming Case law and the WGCA, the Plaintiffs have failed to state a claim upon which relief may be granted and have failed to establish this court has subject matter jurisdiction over the claims made against the Defendant herein.  Therefore, pursuant to Rule 12 of

the Federal Rules of Civil Procedure, it is appropriate the Plaintiffs' Amended Complaint also be dismissed.

The WGCA requires the following conditions precedent be met in order to file an action against a governmental entity and establish subject matter jurisdiction over the claim:

### § 1-39-113. Claims Procedure

(a)   No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

   (i)    Not reasonably discoverable within a two (2) year period; or

   (ii)   The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

(b)   The claim shall state:

   (i)    The time, place and circumstances of the alleged loss or injury including the name of the public employee involved, if known;

   (ii)   The name, address and residence of the claimant and his representative or attorney, if any; and

   (iii)  The amount of compensation or other relief demanded.

(c)   All claims against the state shall be presented to the general services division of the department of administration and information. Claims against any other governmental entity shall be filed at the business office of that entity. In the case of claims against local governments the claim submitted need not be acted upon by the entity prior to suit. For purposes of this section, "business office" means:

   (i)    The county clerk of a county, including its agencies, instrumentalities and institutions;

   (ii)   The city or town clerk of a city or town, including its agencies, instrumentalities and institutions;

   (iii)  The secretary of a joint powers board, airport board, public corporation, community college district board of trustees or special district;

(iv)   The superintendent of a school district;

(v)   The president of the University of Wyoming.

(d)   In any action under this act, the complaint shall state:

(i)   That the claim required under subsection (c) of this section was filed in accordance with this section;

(ii)   The date the claim under subsection (c) of this section was filed;

(iii)   That the claim was in compliance with the signature and certification requirements of article 16, section 7 of the Wyoming Constitution.

W.S. § 1-39-113

The Wyoming Supreme Court has held that the prerequisite in pursuing a claim against the state or its public employees is compliance with the notice requirement of the WGCA.  *Garnett v Brock*, 2 P.3d 558 (Wyo. 2000)

Allegation of the filing of a notice of claim, including a full, itemized statement in writing, certified to under penalty of perjury is jurisdictional.  *Beaulieu v. Florquist*, 20 P.3d 521 (Wyo. 2001).

A claim that does not meet the constitutional signature and certification requirements is not a valid claim under the WGCA.  *Wooster v. Carbon County School District No. 1*, 109 P.3d 893 (Wyo. 2005).

The allegation of a timely claim with specificity is essential to pleading jurisdiction of trial court in claim asserted pursuant to WGCA.  *Amrein v. Wyoming Livestock Bd.*, 851 P.2d 769 (Wyo. 1993).

The Wyoming Constitution and the WGCA require the filing of a notice of claim with the appropriate governmental entity, signed by the person or persons asserting the claim, within a specified time period, and not only must meet these requirements in order for a plaintiff to overcome sovereign immunity in an action against a governmental entity, but a plaintiff must specifically plead compliance with these requirements, and failure to do so is fatal. *Garman v. Campbell County School District No. 1,* 630 F.3d 977 (2010).

It appears, based on a reading of the Plaintiffs' Amended Complaint, that they are referencing Exhibits to the Complaint that were filed with the original Complaint herein and no new exhibits were attached to Plaintiffs' Amended Complaint despite reference therein.  (ECF 7 and ECF 1)  Within what Plaintiffs contend is their Notice of Claim, it is noted that, "A Claim has been made against you for the amount of $2,005,000.00, for your role and actions in Trespassing, Assault, Battery, Administering my Property without right, and for Slander against I, a woman." (ECF 7, appearing to reference ECF 1, Plaintiff's Notice of Claim, Exhibit 3)

Exhibit 3 attached to ECF 1 is not signed by any of the Plaintiffs.

Exhibit 3 attached to ECF 1 does not reference a claim on behalf of Plaintiffs A.F., B.F. or C.F.  (ECF 7, appearing to reference ECF 1, Plaintiff's Notice of Claim, Exhibit 3)

Within the Plaintiffs' Amended Complaint, they do not set forth claims for trespassing, assault, batter, administering her property without right or slander. Rather, the Plaintiffs allege state law claims of "assault, reckless endangerment, extortion, coercion, criminal personation, and forgery."

For these reasons, the Plaintiffs' alleged notice of claim and Amended Complaint fail to comply with the WGCA and the failure to comply with the notice requirements of the WGCA requires dismissal of the Complaint and Amended Complaint herein.

9

Additionally, the Plaintiffs have failed to state a claim upon which relief may be granted as the Plaintiffs have failed to state a claim against the Defendant that is "allowed" or granted by the WGCA as to their state law claims.  This is true whether consideration is given to the claims set forth in the Notice of Claim or those claims alleged in the Plaintiffs' Amended Complaint.

The WGCA specifically expresses the intention to grant immunity to governmental entities in all but very limited circumstances.  W.S. § 1-39-104 and *Diamond Surface Inc. v. Cleveland*, 963 P.2d 996 (Wyo. 1998). Under the WGCA, immunity is the rule and liability is the exception; immunity is abrogated only if WGCA contains express provisions waiving immunity.  W.S. § 1-39-104 and *Vigil v. Ruettgers*, 887 P.2d 521 (Wyo. 1994).

W.S. § 1-39-104. Provides in relevant part as follows:

**§ 1-39-104. Granting immunity from tort liability; liability on contracts; exceptions**

(a)  A governmental entity and its public employees while acting within the scope of duties are granted immunity from liability for any tort except as provided by W.S. 1-39-105 through 1- 39-112. Any immunity in actions based on a contract entered into by a governmental entity is waived except to the extent provided by the contract if the contract was within the powers granted to the entity and was properly executed and except as provided in W.S. W.S. 1-39-120(b). The claims procedures of W.S. 1-39-113 apply to contractual claims against governmental entities.

 (b)   When liability is alleged against any public employee, if the governmental entity determines he was acting within the scope of his duty, whether or not alleged to have been committed maliciously or fraudulently, the governmental entity shall provide a defense at its expense.

. . .

10

W.S. § 1-39-104.

As noted, the only exceptions to the rule of immunity are those provided in W.S. § 1-39-105 – 112.  The exceptions listed in § 1-39-105 do not apply to the facts in this case as those exceptions are for operation of motor vehicles, aircraft and/or watercraft.  The exceptions listed in § 1-39-106 do not apply to the facts in this case as those exceptions are for buildings, recreation areas and public parks.  The exceptions listed in § 1-39-107 do not apply to the facts in this case as those exceptions are for airports.  The exceptions listed in § 1-39-108 apply to public utilities and do not apply to the facts as alleged in this case. The exceptions listed in § 1-39-109 do not apply to the facts in this case as that exception is for medical facilities.  The exceptions listed in § 1-39-110 do not apply to the facts in this case as that exception is for health care providers.  W.S. § 1-39-111 has been repealed.  The exceptions listed in § 1-39-112 do not apply to the facts in this case as those exceptions are peace officers.

The Plaintiffs have failed to set forth an exception to the rule of immunity for the Defendant herein.  As stated above, the Plaintiffs set forth the following causes of action in their alleged Notice of Claim:

        a.  Trespass;

        b.  Assault;

        c.  Battery;

        d.  Administering her property without right; and

        e.  Slander.

Also as noted above, the Plaintiffs set forth the following causes of actions in their Amended Complaint:

        a.  Assault;

    b.  Reckless endangerment;

    c.  Extortion;

    d.  Coercion;

    e.  Criminal personation; and

    f.  Forgery.

 (ECF 7, ¶s 4 and 5)

The Plaintiffs do not and cannot allege an exception to the general rule of immunity for these causes of action against the Defendant and there is no exception to the general rule of immunity.

Pursuant to the WCGA, the Defendant has immunity for the state law claims and causes of action alleged within the Plaintiffs' Amended Complaint and therefore, those claims should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## II.     Federal Claims

In relation to their federal claims, the Plaintiffs allege that the Defendant violated their constitutional rights protected by the First, Fourth, Fifth, Sixth, Ninth, and Fourteen Amendments to the United States Constitution and claims relief under 42 U.S.C. 1983. The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law. *See D.T. ex rel. M.T. v. Indep. Sch. Dist. No. 16*, 894 F.2d 1176, 1186 (10th Cir.1990).  It is a "well-settled principle that a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan,* 897 F.2d 495, 497 (10th Cir.1990).

As to Plaintiffs' assertion that their right to freedom of speech has been violated, the Plaintiffs have not alleged that the Defendant in any way curtailed their right speech, favored a

particular view over another, or forced the Plaintiffs to express a view not their own. The First Amendment dually prohibits the government from compelling speech or silence. *See Riley v. Nat'l Fed'n of the Blind,* 487 U.S. 781, 796–98, 108 S.Ct. 2667, 101 L.Ed.2d 669 (1988). However, "[t]he First Amendment does not prevent restrictions directed at commerce or conduct from imposing incidental burdens on speech." *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 567, 131 S.Ct. 2653, 180 L.Ed.2d 544 (2011). The Plaintiffs have failed to articulate how wearing a mask (or not wearing a mask) is expressive conduct. Although mask-mandate challenges are new legal phenomena, several district courts already have considered mask-mandates in light of the First Amendment and have held that those mandates do not violate free speech. *See, e.g., Stewart v. Just.,* 518 F. Supp. 3d 911, 919 (S.D.W. Va. 2021) ("The Mask Mandate passes this test: (1) it is a justifiable exercise of the state's police power under the United States Constitution; (2) it furthers a compelling interest by slowing the spread of the coronavirus and saving lives; (3) that interest is unrelated to the alleged restrictions on Plaintiffs' speech; and (4) it imposes no greater restriction than is required because it is limited by age, activity, and place. Therefore, the Court reaffirms its findings that Plaintiffs have failed to sufficiently plead a First Amendment violation."); *Oakes v. Collier Cty.,* 515 F. Supp. 3d 1202, 1215 (M.D. Fla. 2021) ("The mask mandate's 'purpose— protecting public health and preventing the spread of COVID-19—is unrelated to speech.'"). Accordingly, Plaintiffs have failed to state a claim that sets forth how their right to freedom of speech has been violated.

Likewise, Plaintiffs have failed to state a claim that the Defendant violated their freedom of religion. "To establish a free-exercise claim, Fields must show that the government has placed a burden on the exercise of his religious beliefs or practices." *See Fields v. City of Tulsa*, 753 F.3d 1000, 1009 (10th Cir. 2014) (citing *Bauchman v. W. High Sch.*, 132 F.3d 542, 557 (10th Cir. 1997).

Plaintiffs have not alleged any facts to suggest to that the Defendant did – or attempted to –prohibit specific forms of religious worship. Nor did the Plaintiffs allege that the Defendant created a state-sponsored religion in violation of the establishment clause.

Regarding the Plaintiffs' claim of a Fourth Amendment violation, Plaintiffs have failed to allege any search or seizure of their property[1] and therefore that constitutional provision is completely inapplicable. *See* Donovan v. Dewey, 452 U.S. 594, 599, 101 S. Ct. 2534, 2538, 69 L. Ed. 2d 262 (1981) ("[T]he Fourth Amendment protects the interest of the owner of property in being free from unreasonable intrusions onto his property by agents of the government.").

Similarly, the Plaintiffs' claims under the Fifth Amendment must also fail. The Fifth Amendment reads,

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

The Plaintiffs have failed to allege facts showing that any of the above specific constitutional protections have been violated.

Likewise, Plaintiffs' assertion that their rights under the Sixth Amendment have been violated is nonsensical. The Sixth Amendment provides,

> **In all criminal prosecutions**, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

---

[1] Contrary to Plaintiffs repeated claims that her children are her property in addition to being her offspring, such claims of ownership of people has been illegal in this nation for over 150 years and is expressly prohibited by the Thirteenth Amendment to the United States Constitution.

Plaintiffs have not alleged that they were ever even a party to a criminal case or that any of the aforementioned rights have been denied. As such, Plaintiffs have failed to state a cause of action under the Sixth Amendment

The Plaintiffs, without explanation or support, claim that their rights under the Ninth Amendment have been violated. The Ninth Amendment provides that [t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." However, "[t]he Ninth Amendment is not an independent source of individual rights; rather, it provides a rule of construction that we apply in certain cases." *Holmes v. Town of Silver City*, 826 F. App'x 678, 681–82 (10th Cir. 2020) (quoting *Jenkins v. Comm'r*, 483 F.3d 90, 92 (2d Cir. 2007). As such, Plaintiffs cannot seek redress under 42 U.S.C. 1983 for alleged violation of the Ninth Amendment, as it is not a source of constitutional protection. *Id.* ("Ms. Holmes cannot pursue a claim for an alleged violation of the Ninth Amendment in a suit under § 1983, so summary judgment was proper.").

Plaintiffs also claim their rights to due process and equal protection under the Fourteenth Amendment have been violated. The equal protection clause prohibits unreasonable classifications and ensures that all similarly situated individuals are treated the same under the law. *See SECSYS, LLC v. Vigil*, 666 F.3d 678, 685 (10th Cir. 2012). A threshold question "is whether the challenged state action intentionally discriminates between groups of persons." *Id.*

Nowhere in Plaintiffs' Amended Complaint do the Plaintiffs articulate how they and similarly situated individuals were treated differently than any other group. This is essentially classless legislation and as such does not infringe on the constitutional guarantee of equal protection of the law.

As to any alleged due process violation, Plaintiffs alleged that they were deprived of their constitutionally protected rights or property, referring to Plaintiffs A.F., B.F. and C.F. It goes without saying that children are not the property of their parents. Such a proposition runs afoul of the Thirteenth Amendment to the United States Constitution. As such, Plaintiffs have failed to state a claim for a due process violation.

Plaintiff, Angela Freeman, also contends that she has a constitutionally protected right to access the school, which she claims has been infringed upon. Plaintiff has not alleged that she or her children have ever been denied entry into Laramie County schools, merely that masks are required. The right to access public accommodations is not unfettered inasmuch as certain requirements have always been in place (e.g. shoes requires, no firearms on premises, etc.). She has not alleged that she was denied access based on a constitutionally protected status. As such, she has failed to state to claim upon which relief can be granted.

Plaintiffs also claim relief under 42 U.S.C. 1985(3), which reads,

If two or more persons in any State or Territory **conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws**, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to **prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote**, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; **or to injure any citizen in person or property on account of such support or advocacy**; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy**, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States**, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

In order to state a civil rights claim under § 1985, Plaintiff must allege that Defendant, motivated by class-based invidiously discriminatory animus, conspired to deprive Plaintiff of equal protection rights or equal privileges and immunities under laws, and that Plaintiff was thereby injured. *See   Brown v. Stewart*, 910 F.Supp. 1064 (W.D.Pa.1996). Here, the Plaintiffs have failed to allege that the complained of mask-mandate was motivated by "classed-based invidiously discriminatory animus" or how they were injured by the same. Furthermore, even though the Plaintiffs allege a conspiracy, they fail to allege any agreement forming the basis of the conspiracy or that anyone other than the Defendant was a participant of the alleged conspiracy. It is axiomatic that a conspiracy requires, at a minimum, two or more participants agreeing on a common objective. *See McKibben v. Chubb,* 840 F.2d 1525, 1533 (10th Cir.1988) ("[A] claim of civil conspiracy, which, as recognized by the Tenth Circuit, consists of the following elements: '(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds in the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate cause thereof.'") (internal citations omitted).  Therefore, the Plaintiffs have failed to adequately allege a cause of action under 42 U.S.C. 1985.

For these reasons, the Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted as well as lacks the prerequisites required for this Court to obtain jurisdiction over this matter.  Pursuant to F.R.C.P. 12(b)(1) and (6) it is appropriate this Court dismiss the Plaintiffs' Amended Complaint.

**WHEREFORE**, Defendant respectfully requests this Court dismiss the Plaintiff's Complaint and Plaintiffs' Amended Complaint pursuant to F.R.C.P. 12(b)(1) and (6) for lack of subject matter jurisdiction and a failure to state a claim upon which relief may be granted, and for such other and further relief as the court deems proper in the premises.

**DATED** this 25th day of January, 2022.

/s/ Sean W. Scoggin
Sean W. Scoggin
Wyoming Bar #6-3263
Williams, Porter, Day & Neville, PC
P.O. Box 748
Cheyenne, WY  82003-0748
(307) 637-5575
(307) 637-5515-fax
sscoggin@wpdn.net
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2022 a true and correct copy of the foregoing document was served as follows:

Angela Beth Freeman                ( X ) U.S. MAIL
1522 Andover Dr.                   (___) HAND DELIVERY
Cheyenne, WY 82001                 (___) FACSIMILE
                                   ( X ) OTHER- e-mail
                                   menacronin@yahoo.com

/s/ Sean W. Scoggin
Williams, Porter, Day & Neville, PC
