**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

*1:05 pm, 6/8/22*

**Margaret Botkins**
**Clerk of Court**

| | |
|---|---|
| ANGELA BETH FREEMAN,<br><br>ANGELA BETH FREEMAN, *mother and as next friend of* Ashlyn M Freeman, Brooklyn Freeman, and Caitlyn Freeman<br><br>    Plaintiffs,<br><br>  VS.<br><br>LARAMIE COUNTY SCHOOL DISTRICT NO. 1 PRESIDENT, *in her official capacity*, *also known as*, Margaret Crespo,<br><br>    Defendant, | Case No.  21-CV-00219-SWS |

---

### ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT

THIS MATTER is before the Court on pro se[1] plaintiff, Angela Beth Freeman's, Amended Complaint pursuant to 42 U.S.C. §§ 1983 & 1985(3) and the Wyoming Governmental Claims Act [ECF 7] and Defendant's Motion to Dismiss [ECF 12].  The Court having reviewed the motion and response, and being otherwise fully advised, finds Defendant's motion to dismiss should be GRANTED.

### *BACKGROUND*

---

[1] Plaintiff asserts she is not "pro se" but rather, *sui juris*.  [ECF 7 p. 6] Because Plaintiff is proceeding without the assistance of counsel, the Court will refer to her as pro se and treat her filings with the leniency afforded pro se plaintiffs. While the Court liberally construes the complaint and other filings of pro se litigants and holds them to a less stringent standard than those drafted by attorneys, *United States v. Hald*, 8 F.4th 932, 940, n. 10 (10th Cir. 2021), "it is not . . . the 'proper function of the district court to assume the role of advocate for the pro se litigant.'" *Rigler v. Lampert*, 248 F.Supp.3d 1224, (D. Wyo. 2017) (quoting *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991)).

In March 2020, in response to the COVID-19 pandemic, Laramie County School District No. 1 enacted a series of measures to mitigate the effects of the virus.  These measures included closing schools to in-person learning for the remainder of the 2019-2020 school year, requiring masks and social distancing upon return to in person leaning, and quarantining when the number of positive cases exceeded the allowable threshold. [ECF 7 p. 7 ¶ 17, p. 8 ¶ 26] Ms. Freeman disagreed with the requirements and she and her children were turned away from in-person learning when they refused to wear masks. [ECF 7 p. 8 ¶ 33-35] Plaintiff agreed to have her children wear masks "under duress" and immediately after, began her attempts to repeal the COVID-19 mitigation efforts. [ECF 7 pp. 8-9 ¶¶ 36-47] Her attempts at resolution were unsuccessful and she filed this suit. [ECF 1]. Nonetheless, LCSD repealed the mask mandates January 24, 2022.

Defendant moved to dismiss Plaintiff's original complaint and, in response, Plaintiff filed an amended complaint. [ECF 7] In her amended complaint, Ms. Freeman seeks declaratory relief enjoining Defendant from enforcing unconstitutional actions.[2] [ECF 7 pp. 10-11 ¶¶ 53-63] She also raises various state and federal claims.  She alleges violations of the First, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution and various violations of the Wyoming Constitution [ECF 7 pp. 11 ¶¶ 64-70], conspiracy [ECF 7 pp. 13-14 ¶¶ 71-83], fraud by omission or non-disclosure [ECF 7 pp. 15-16 ¶¶ 84-88], common law conspiracy [ECF 7 p 16 ¶¶ 89-93], negligent infliction of emotional

---

[2] In her Amended Complaint, Ms. Freeman amended the defendant in the caption from "Margaret Crespo, a woman, Laramie County School District #1 President" to "Margaret Crespo, a woman, In her official capacity, Laramie County School District #1 President." [ECF 1 & ECF 7] Presumably because of this change, the docket sheet was amended to terminate Ms. Crespo in her individual capacity while maintaining the official capacity suit. However, the body of the Amended Complaint asserts claims against Ms. Crespo in both her "private and official" capacities. [ECF 7 p. 6] Thus, the Court considers both the official capacity and individual capacity claims against Ms. Crespo in this Order.

distress [ECF 7 pp. 17-18 ¶¶ 94-108], and intentional infliction of emotional distress [ECF 7 pp. 18-19 ¶¶ 109-115]. Defendant filed a motion to dismiss the amended complaint, arguing Plaintiff failed to state a claim for which relief can be granted. [ECF 12] Plaintiff responded to Defendant's motion to dismiss and argues dismissal is inappropriate. [ECF 13 & 14]

## *STANDARD OF REVIEW*

Defendant argues the Court should dismiss Plaintiff's amended complaint pursuant to Rules 12(b)(1) & (6) of the Federal Rules of Civil Procedure. [ECF 12 p. 6] Rule 12(b)(1) dismissal occurs when the court lacks subject matter jurisdiction. Fed. R. Civ. Pro. 12(b)(1). "Rule 12(b)(1) motions can take the form of either a 'facial' or a 'factual' attack on the court's subject matter jurisdiction." *Ingram v. Faruque*, 728 F.3d 1239, 1242 (10th Cir. 2013). A facial attack looks at the allegations within the complaint to determine whether the court has subject matter jurisdiction. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 20021). When the defendant attacks the complaint on its face by arguing it lacks allegations sufficient to support the court's subject-matter jurisdiction, the Court "must accept the allegations in the complaint as true." *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 877 (quoting *Pueblo of Jemez v. United State*, 790 F.3d 1143, 1151 (10th Cir. 2015)). A factual attack goes beyond the allegations made in the complaint to "challenge the facts upon which subject matter jurisdiction is based." *Id*. Here, Defendant argues the Court lacks subject matter jurisdiction based on the allegations contained on the face of the amended complaint.

Defendant also asserts this Court should dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). "To survive a 12(b)(6) motion to dismiss, a plaintiff's

complaint must allege sufficient facts 'to state a claim to relief that is plausible on its face.'"
*Strauss v. Angie's List, Inc.*, 951 F.3d 1263, 1266 (10th Cir. 2020) (quoting *Bell Atl. Corp.
v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).   A claim is
plausible on its face when "the plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft
v. Iqbal*, 556 U.W. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).   The Court does not
look to or weigh the evidence, but rather determines whether the plaintiff's complaint
sufficiently states a claim for which relief can be granted. *Strauss*, 951 F.3d at 1266.   The
Court accepts "all well-pled factual allegations as true" and views them "in the light most
favorable to the nonmoving party." *Id.* (quoting *Peterson v. Grisham*, 594 F.3d 723, 727
(10th Cir. 2010)).

## *DISCUSSION*

### I. Plaintiff does not have standing to bring suit as next friend to her minor children.

Defendant argues Ms. Freeman lacks standing to sue as next friend to her minor
children.   [ECF 12 p. 6]   In her amended complaint, Plaintiff asserts she has standing to
sue as next friend to her three minor children under 28 U.S.C. § 1738 and Texas Code Title
5 ch § 102.003(a)(1).   "The right to proceed pro se in a civil action in federal court is
guaranteed by 28 U.S.C. § 1654.   '[B]ecause *pro se* means to appear for one's self,
[however,] as person may not appear on another person's behalf . . . [;]' rather, a 'person
must be litigating an interest personal to him.'" *Adams ex rel. D.J.W. v. Astrue*, 1299 (10th
Cir. 2011) (quoting *Iannaccone v. Law*, 142 F.3d 552, 558 (2d Cir. 1998)).   This prohibition
includes pro se parents suing on behalf of their minor children.   *Id*. at 1300 (citing cases
collecting nationwide authority).   "The general rule prohibiting a non-attorney parent from

representing his or her minor child in federal court 'is designed to protect the interests of the minor party; in addition, it jealously guards the judiciary's authority to govern those who practice in its courtrooms." *Id.* (quoting *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010)). There is a limited exception to this rule for administrative appeals of denials of social security benefits, but the exception is inapplicable to this case. *Id.*

The section of United States Code Ms. Freeman cited does not grant her standing to sue on behalf of her minor children without the assistance of counsel. 28 U.S.C. § 1738 (granting full faith and credit to state and territorial statutes and judicial proceedings). Ms. Freeman's reference to the Texas family code is inapplicable because the cause of action occurred in Wyoming, thus federal law applies to her federal claims, and federal procedural law and Wyoming substantive law apply to her state law claims. *Felder v. Casey*, 487 U.S. 131, 151 (1988). Thus, Ms. Freeman does not have standing to bring suit on behalf of her minor children and all claims brought in that capacity must be dismissed.

## II. Ms. Freeman's claims for equitable relief are moot.

Pursuant to Rule 201 of the Federal Rules of Civil Procedure, the Court takes judicial notice of the fact that Laramie County School District No. 1 repealed its mask mandate and masks have not been required in the district since January 24, 2022. *COVID-19 Resources*, Laramie County School District 1, (May 25, 2022, 3:44 PM), https://www.laramie1.org/en-US/com-rel-6a26e0ca/2021-22-covid-19-resources-db120fb6.

Plaintiff seeks both declaratory relief and damages. "The mootness doctrine relates to both the constitutional case or controversy requirement of Article III, as well as the prudential considerations underlying justiciability." *Jordan v. Sosa*, 654 F.3d 1012, 1023

(10th Cir. 2011). "[T]he constitutional mootness doctrine focuses upon whether "a definite controversy exists throughout the litigation and whether conclusive relief may still be conferred by the court despite the lapse of time and any change of circumstances that may have occurred since the commencement of the action." *Id.* at 1324. Prudential mootness addresses the court's discretion to grant relief in cases where there is not an adequate basis for equitable relief. *Id.* "In the context of an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant." *Id*. at 1025. The mask mandate is no longer in effect; thus, the injunctive relief Plaintiff seeks is no longer available. Plaintiff also requested a declaratory judgment that the mask mandate was unconstitutional and had to be adopted pursuant to Article 3, Section 27 of the Wyoming Constitution. At this juncture, Ms. Freeman's request for declaratory relief is nothing more than a request that the Court issue an advisory opinion that the district's now defunct policy was wrong. Ms. Freeman's claims for declaratory and injunctive relief are moot. *See Case v. Ivey*, 542 F.Supp.3d 1245, 1268 (M.D. Alab. 2021)(given challenged provisions of Alabama public health and safety orders are no longer in existence and no mootness exception applied Plaintiffs' claims for injunctive relief was moot); *see also Resurrection School v. Hertel*, —-F.4th —- 2022 WL 1656719 (6th Cir. May 25, 2022) (holding interlocutory appeal and claim regarding statewide mask mandate, repealed almost a year prior, were moot). Given LCSD's January 24, 2022 repeal of the mask mandate no viable claims for declaratory or injunctive relief exist.

### III. 42 U.S.C. § 1983 claims.

First, Ms. Freeman appears to claim, throughout her amended complaint, that she has standing to bring this suit because her children are her property. The Thirteenth

Amendment outlawed slavery.  U.S. CONST. AMEND. XIII.  Ms. Freeman's three minor children are not her property.

Plaintiff alleges numerous constitutional violations.  She asserts the defendant's COVID-19 policies violated her rights to the freedom of religion, freedom of speech, the right to be secure in her person, papers, and effects, her due process and equal protection rights, and her inherent right to access public accommodations.  [ECF 7 p. 11] She also alleges violations of the Fifth and Ninth amendments.  [ECF 7 p. 11 ¶¶ 66-68] A review of her amended complaint reveals most of Ms. Freeman's claims relate to harm suffered by her minor children. In fact, the only harm she alleges she suffered was that she was unable to enter Henderson School because she was not wearing a mask. [ECF 7 p. 8 ¶ ¶ 34-35] Thus, it is doubtful Ms. Freeman has standing to bring these claims.  Nonetheless, for completeness of the record the Court briefly addresses each alleged violation as it pertains to her. "A claim pleaded under § 1983 requires '(1) deprivation of a federally protected right (2) by an actor acting under the color of state law.'" *VDARE Foundation v. City of Colorado Springs*, 11 F.4th 1151, 1160 (10th Cir. 2021) (quoting *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016)).

*A.  Freedom of Speech*

While Plaintiff alleges Defendant's mask mandate violated her freedom of speech, she does not explain how it does so.  Mask mandates regulate conduct—not speech.  "The First Amendment does not prevent restrictions directed at commerce or conduct from imposing incidental burdens on speech."  *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 567 (2011).  She asserts she had the right "to speak freely without fear of retribution." [ECF 7 p. 11 ¶ 65] However, as the District of Hawaii pointed out, "people wearing masks can still

speak." *Denis v. Ige*, 538 F.Supp.1063, 1079 (D. Hawaii 2021). Further, as Defendant points out, many district courts have already analyzed whether mask mandates violate the First Amendment's free speech provision and determined they do not. *E.g., Denis v. Ige*, 538 F.Supp.1063, 1079 (D. Haw. 2021) (mask mandate regulated conduct and did not violate the First Amendment); *Zinman v. Nova Southeastern University, Inc.*, 2021 WL 4025722, *12-*15 (S.D. Fla. 2021) (slip copy) (Finding that wearing a mask or not is not inherently expressive conduct, and even it were, the mask mandates satisfy intermediate scrutiny and do not violate the First Amendment); *Stepien v. Murphy*, ---F.Supp.3d----, 2021 WL 5822987, *10-*13 (D.N.J. 2021) (on appeal) (Finding Plaintiffs were unlikely to succeed on the merits of their First Amendment claim and denying motion for preliminary injunction); *Stewart v. Just.*, 518 F.Supp.3d, 911, 919 (S. D. W. Va. 2021) (finding the mask mandate did not violate the First Amendment).  Plaintiff has failed to state a claim for which relief can be granted

### B.  Freedom of Religion

Plaintiff states "Plaintiff . . . had a right to practice their religion as they saw fit." [ECF 7 p. 11 ¶ 65] However, Plaintiff does not explain how the mask mandate infringed on her ability to practice her religion.  A single, conclusory statement unsupported by any factual allegations in insufficient to support the plausibility standard. *Iqbal*, 556 U.S. at 678. Plaintiff has failed to state a claim for which relief can be granted.

### C.  Fourth Amendment

Ms. Freeman asserts she has the "right to be secure in [her] person[] and papers." [ECF 7 p. 11] Plaintiff is correct—the Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable

searches and seizures." U.S. CONST. AMEND. IV.   However, Plaintiff does not explain how Defendant's COVID-19 mitigation efforts violated these rights.   As the Court already stated—her children are not her property.   Simply referencing the Fourth Amendment and alleging Defendant violated her rights under it falls far short of the plausibility standard required to state a claim.   *Iqbal*, 556 U.S. at 678.   Plaintiff fails to state a claim for which relief can be granted.

### D.  Other Constitutional Violations

Plaintiff makes similar conclusory assertions that Defendant violated her Fifth, Ninth, Seventh, Thirteenth, and Fourteenth Amendment rights.   Like with her other claims, Plaintiff alleges no facts to demonstrate how Defendant violated her rights.   She simply states:

> Acting under the color of law, Defendant worked to deny Plaintiff. . . [her] rights, privileges, or immunities secured by the United States Constitution or by Federal and State law and guaranteed by the First, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States, to wit, they sought and got compliance to their orders based on their misrepresentations.

[ECF 7 p. 12 ¶ 67] And:

> As a result of Defendant (sic) concerted, unlawful, and malicious conduct, Plaintiff . . . [was] deprived of [her] rights to equal protection of all the laws and to due process of law, of [her] right to govern [her] property as [she] saw fit, [her] right to be secure in [her] persons and papers, [her] right to access public school accommodations, all in violation of the First, Fifth, Ninth, and Fourteenth Amendments of the Constitution of the United States.

[ECF 7 p. 12 ¶ 68] In her introductory information she simply states: "Specifically here, [Defendant] deprived Plaintiffs of their rights under the First, Fifth, Seventh, Ninth,

Thirteenth, and Fourteenth Amendments to the Constitution for the United States of America." [ECF 7 p. 5 ¶ 4]

While the Court liberally construes the filings of pro se litigants, it cannot and should not act as an advocate for the pro se litigant. *Hall*, 935 F.2d at 1110. Plaintiff has not alleged any facts to demonstrate the Defendant violated her constitutional rights—rather she makes conclusory assertions. These conclusory statements are insufficient to state a claim under the plausibility standard. *Iqbal*, 556 U.S. at 678. Plaintiff has failed to state a claim for which relief can be granted.

**IV. 42 U.S.C. § 1985(3) claim.**

Ms. Freeman also alleges a claim under 42 U.S.C. § 1985(3). Section 1985 is entitled "conspiracy to interfere with civil rights" and subsection three reads:

> (3) Depriving persons of rights or privileges
>
> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived

> may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).  To prove a claim under § 1985(3), a Plaintiff must prove: "(1) a conspiracy; (2) to deprive the plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richard*son, 686 (10th Cir. 1993) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). Section 1985(3) only applies to "conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Id*. (quoting *Griffin*, 403 U.S. at 101-02).  The Supreme Court determined the class-based animus requirement must be narrowly construed and it does not "reach conspiracies motivated by economic or commercial bias." *Id*. (citing *Untied Bhd. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 453 U.S. 821, 837 (1983)).

Ms. Freeman has not alleged Defendant conspired against her because of a class-based, invidiously discriminatory animus.  Further, she expressly states: "The conspiratorial purpose was financial." [ECF 7 p. 13 ¶ 72]  Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## V. State Law Claims

The Defendant argues this Court should dismiss Ms. Freeman's state law claims because she did not follow the requirements of the Wyoming Governmental Claims Act. [ECF 12 pp. 6-12] Ms. Freeman argues she did not have to follow the Wyoming Governmental Claims Act (WGCA) because she alleges Ms. Crespo acted outside the scope of her duties and therefore the Act is inapplicable. [ECF 13 pp. 1-3] Ms. Freeman

also argues that *Oroz v. Board of County Commissioners*, 575 P.2d 1155 (Wyo. 1978), found liability of public employees was the rule and immunity the exception.  [ECF 13 p. 2]

Ms. Freeman is correct that *Oroz* abolished the doctrine of municipal liability and held "the rule is liability and the exception is immunity." *Id.* at 1158.  However, the Wyoming legislature enacted the Wyoming Governmental Claims Act in response to that decision and created a closed ended torts statute that seeks "to balance the respective equities between persons injured by governmental actions and the taxpayers of the state of Wyoming whose revenues are utilized by governmental entities on behalf of those taxpayers." *Archer v. State ex rel. Wyoming Department of Transportation*, 413 P.3d 142, 144 (Wyo. 2018) (quoting Wyo. Stat. Ann. § 1-39-102(a)).  Thus, the *Oroz* decision is no longer good law and Ms. Freeman must follow the Wyoming Governmental Claims Act.

The Wyoming Governmental Claims Act grants public employees "acting within the scope of their duties . . . immunity from liability for any tort except as provided by W.S. 1-39-105 through 1-39-112." Wyo. Stat. § 1-39-104(a).  Nowhere in her amended complaint does Plaintiff allege Ms. Crespo acted outside the scope of her duties.  The closest she comes is the statement: "Defendant acted outside of her authority given to them by We The People."  [ECF 7 p. 7 ¶ 25] This statement, however, appears to refer to Ms. Freeman's claims that the mask mandate violated her constitutional rights.  *See* U.S. CONST. PMBL. ("WE THE PEOPLE of the United States . . .").

Further, even accepting, "all well-pled factual allegations as true" and viewing them "in the light most favorable to the nonmoving party," Ms. Freeman cannot plead a plausible claim that Ms. Crespo was acting outside the scope of her duties.  *Strauss*, 951 F.3d at 1266

(quoting *Peterson*, 594 F.3d at 727).  The Wyoming Governmental Claims Act describes "scope of duties" as "performing any duties which a governmental entity requests, requires or authorizes a public employee to perform regardless of the time and place of performance." Wyo. Stat. § 1-39-103(v).  All the claims in Ms. Freeman's amended complaint stem from Laramie County School District No. 1's COVID-19 policies. [ECF 7]  Ms. Crespo is employed by Laramie County School District No. 1 and could not have enacted or enforced the policies if she was acting outside the scope of her duties. *See Veile v. Board of County Com'rs of Washakie County*, 860 P.2d 1174, 1178 (Wyo. 1993) ("While the question whether a governmental employee is acting within the scope of duties is normally an issue of fact, it becomes one of law when only one reasonable inference can be drawn from the evidence." (internal quotation omitted)).  Most recently, the Tenth Circuit Court of Appeals held that even where pursuing a claim against a public employee in their individual capacity the WGCA still requires notice in compliance with the WGCA. *Bakunduwukomeye v. Shroyer,* 2022 WL 1799756, *2 (June 2, 2022). Plaintiff has failed to comply. Thus, the state law claims are subject to the WGCA.

"The [WGCA] provides broad governmental immunity from tort liability.  It is a closed-end tort claims act, meaning that it bars any claim against a governmental entity or its employees unless it falls within one of the statutory exceptions." *Wyoming State Hospital v. Romine*, 483 P.3d 840, 847 (Wyo. 2021) (internal citations and quotations omitted).  The WGCA provides exceptions to immunity for: (1) the negligent operation of motor vehicles, aircraft, and watercraft, Wyo. Stat. § 1-39-105, (2) the negligent operation or maintenance of any building, recreation area, or public park, Wyo. Stat. § 1-39-107, (3) the negligent operation of an airport, Wyo. Stat. § 1-39-107, (4) the negligent operation of

public utilities and services, Wyo. Stat. § 1-39-108, (5) the negligent operation of any public hospital or public outpatient health care, or the negligence of a health care provider or medical facility providing contract services, Wyo. Stat. § 1-30-109, (6) the negligence of health care providers working in state institutions or county jails, Wyo. Stat. § 1-39-110, and  (7) the tortious conduct of peace officers, Wyo. Stat. § 1-39-112.  In her amended complaint Ms. Freeman asserts state law claims for, "fraud by omission or non-disclosure [ECF 7 p. 15], "common law conspiracy" [ECF 7 p. 16], "negligent infliction of emotional distress" [ECF 7 p. 17], and "intentional infliction of emotional distress" [ECF 7 p. 18], and briefly mentions "assault, reckless endangerment, extortion, coercion, criminal impersonation, and forgery." [ECF 7 p. 5 ¶ 5]  The WGCA does not waive liability for any of these claims, nor does Ms. Freeman allege any of these causes of actions occurred because of acts of omissions that fall under one of the exceptions.  Therefore, because she does not allege her state law claims fall under one of the exceptions to immunity, defendant is immune from liability and Ms. Freeman's state law claims must be dismissed.

Even if the state had waived liability for the state law claims Ms. Freeman raised in her amended complaint, she did not follow the mandatory notice requirement found in Wyo. Stat. § 1-39-113.  The WGCA 's notice requirement provides:

> (b) The claim shall state:
> > (i) The time, place and circumstances of the alleged loss or injury including the name of the public employee involved, if known;
> > (ii) The name, address and residence of the claimant and his representative or attorney, if any; and
> > (iii) The amount of compensation or other relief demanded.
> (c) All claims against the state shall be presented to the general services division of the department of administration and

> information. Claims against any other governmental entity
> shall be filed at the business office of that entity.
> . . .
> (d) In any action under this act, the complaint shall state:
>> (i) That the claim required under subsection (c) of this
>> section was filed in accordance with this section;
>> (ii) The date the claim under subsection (c) of this
>> section was filed;
>> (iii) That the claim was in compliance with the signature
>> and certification requirements of article 16, section 7 of
>> the Wyoming Constitution.
> (e) In any claim filed with a governmental entity under this act,
> the claim shall be signed by the claimant under oath

Wyo. Stat. § 1-39-113(b)-(e).  Exhibit three to Ms. Freeman's initial complaint is entitled

"Notice of Claim" and addressed to Ms. Crespo.  It states: "A Claim has been made against

you for the amount of $2,005,000.00, for your role and actions in Trespassing, Assault,

Battery, Administering my Property without right, and for Slander against, I, a woman."

[ECF 1, doc. 4]   However, the document is not signed and the claims in the notice to do

not align with those pled in the amended complaint.

Plaintiff alleges the Notice of Claim attached to the original complaint as exhibit 3

is not an attempt to assert a claim under the WGCA, but rather a different notice. [ECF 13

p. 2] In either case, Ms. Freeman did not follow the mandatory procedure.  While strict

compliance with the notice requirement is not jurisdictional, it is a condition precedent to

filing suit and claims that do not comply with the requirement are subject to dismissal when

the plaintiff's noncompliance is raised by the state. *Harmon v. Star Valley Medical Center*,

331 P.3d 1174 (Wyo. 2014); *see also Bakunduwukomeye,* 2022 WL 1799756 (district court

properly granted summary judgment in favor of state employee where Plaintiff failed to

comply with notice requirements under WGCA).   Here, Defendant raised Plaintiff's

noncompliance with the statute.  Plaintiff's state law claims must be dismissed without prejudice.

## CONCLUSION

Generally, a pro se plaintiff's claims should be dismissed without prejudice unless it is obvious from the facts alleged that he cannot prevail.  *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).  In addition to the lack of jurisdiction, Ms. Freeman's conclusory allegations make it difficult to analyze whether she could prevail on the facts alleged— thus the Court will dismiss the amended complaint without prejudice.

For the reasons discussed above, Defendant's Motion to Dismiss [ECF 12] is **GRANTED.**

**IT IS ORDERED** Plaintiff's Amended Complaint [ECF 7] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** Defendant's Motion to Dismiss Plaintiff's original complaint [ECF 6] is **DENIED AS MOOT.**

Dated this 8th day of June, 2022.

Scott W. Skavdahl
United States District Judge

16