IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

ANGELA BETH FREEMAN,

ANGELA BETH FREEMAN, *mother and as next friend of* Ashlyn M Freeman, Brooklyn Freeman, and Caitlyn Freeman

        Plaintiffs,

    VS.

LARAMIE COUNTY SCHOOL DISTRICT NO. 1 PRESIDENT, *in her official capacity, also known as*, Margaret Crespo,

        Defendant,

Case No.  21-CV-00219-SWS

---

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on pro se Plaintiff's motion for reconsideration. [ECF 20]  The Court having considered the motion, response, and being otherwise fully advised, finds Plaintiff's motion should be DENIED.

### *STANDARD OF REVIEW*

Plaintiff styles her motion as one for reconsideration.  The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" and one styled as such

> may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b).

1

*Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (quoting *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n. 3 (10th Cir. 2003). This Court entered its order granting defendant's motion to dismiss and final judgment in defendant's favor on June 8, 2022. [ECF 18 & 19] Plaintiff filed her motion for reconsideration on June 21, 2022. Thus, it was filed more than ten days after the Court's entry of judgment and the Court construes her motion as a motion for relief from judgment under Rule 60(b).

"Federal Rule of Civil Procedure 60(b) 'provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening his case, under a limited set of circumstances.'" *Johnson v. Spencer*, 694 (10th Cir. 2020) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269-70 (2005)) (internal quotation omitted). Rule 60(b) allows the Court to

> relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Ms. Freeman did not specify the legal authority under which she requests the Court reconsider its order granting Defendant's motion to dismiss or its final judgment.

## *DISCUSSION*

Ms. Freeman filed her suit under 42 U.S.C. § 1983 alleging that the Laramie County School District No. 1's mask mandate, put in place by Defendant Crespo, violated the constitutional rights of her and her children. [ECF 1] Defendant filed a motion to dismiss and, in response, Plaintiff filed an amended complaint. [ECF 7] Defendant then filed a motion to dismiss the amended complaint arguing Plaintiff had failed to state a claim for which relief could be granted. [ECF 12] The Court carefully considered Plaintiff's Amended Complaint and all the filings and determined Defendant's motion should be granted. [ECF 18] The Court granted Defendant's motion to dismiss and entered a final judgment against Plaintiff. [ECF 18 & 19] Plaintiff then filed the motion now before the Court.

In her Motion for Reconsideration [ECF 20], Plaintiff appears to argue the Court failed to address or consider some of her arguments. She directs the Court to her arguments, and the authority in support, and reasserts them. [ECF 20] Defendant responds and asserts Plaintiff's motion is inappropriate because she is asserting the Court misapplied the law and reasserting her arguments. Defendant alleges this type of argument is only available under Rule 59(e) or on direct appeal—but not in a Rule 60(b) motion. Defendant further argues Plaintiff's Motion is frivolous because it does not provide the Court with additional or new authority that would warrant reconsideration of

previously decided issues. [ECF 21 pp. 7-8] Defendant requests the Court impose monetary sanctions in the amount of the attorney's fees necessary to prepare this motion against Plaintiff. [ECF 21 p. 7]

As the Court noted in its Order Granting Defendant's Motion to Dismiss Amended Complaint, it carefully considered Defendant's motion, Plaintiff's response, and all other filings in this case before rendering a decision. [ECF 18 p. 1] The Court's order addressed each of Plaintiff's federal constitutional claims under § 1983, her fraud claim under §1985(3), and her state law claims. [ECF 18] While the Court's order did not address every point made by Plaintiff about each claim, or each piece of authority she referenced, it did consider whether Plaintiff's amended complaint could plausibly state a legal claim for which relief could be granted under each issue and sub-issue. [ECF 18] There is no requirement that Courts address every point raised by the parties. *E.g., Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1116 (10th Cir. 2004) ("the district court's failure to address Hill's arguments may be properly construed as an implicit denial of those arguments"); *Nebeker v. National Auto Plaza*, 643 Fed. Appx. 817, 826 (10th Cir. 2016) (unreported) ("The district court never ruled on the motion and we view such silence as an implicit denial of her request.").

The Court has once again reviewed all of Plaintiff's arguments and the authority cited and is satisfied that its order granting Defendant's motion to dismiss (which is hereby incorporated) adequately addressed each of Plaintiff's claims. However, the Court will briefly address a couple of the arguments Plaintiff raised in her motion for reconsideration. First, Plaintiff complains the Court "never made mention" of her

4

opposition to the motion to dismiss, memorandum, exhibits or other statements. Beyond stating the Court considered the response and all other filings in this case, [ECF 18 p. 1], the Court specifically discussed Plaintiff's opposition to Defendant's motion to dismiss, and exhibits to the Complaint, throughout its evaluation of her state law claims. [ECF 18 pp. 11-15] While the Court understands Plaintiff wants the Court to reference and discuss each statement and piece of authority cited, it was not necessary to do so in this case because, as discussed in the order granting defendant's motion to dismiss, Plaintiff's Amended Complaint lacked sufficient factual allegations to plausibly state a claim for relief under any of her theories—even considering the standard of review and the liberal pleading standards for pro se litigants.

Second, Plaintiff is adamant she has standing to sue on behalf of her children and extensively cites case law and statutes regarding parents' rights to make decisions about, and care for, their minor children. [ECF 20 pp. 9-13] Plaintiff misunderstands the Court's ruling on this issue. The Court agrees with Plaintiff "the interest of parents in the care, custody, and control of their children" a fundamental liberty interest. *Troxel v. Granville*, 530 U.S. 57, 65 (2000). However, the Court's ruling is not that parents cannot sue as "next friend" on behalf of their minor children—but that Ms. Freeman cannot do so pro se. *Adams ex. Rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299-1301 (10th Cir. 2011). "Pro se" means to represent oneself. *Id.* at 1299. Plaintiff can represent herself in Court—and as the Court ruled, can represent herself in this case for any alleged violations of **her** own civil rights. [ECF 18 pp. 4-5] But, to bring an action as "next friend" for the alleged violations of her minor children's civil rights, she must employ a

5

lawyer. *Id.* at 1300. ("A minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.")

Finally, the Court turns to Defendant's request for sanctions against Plaintiff for filing a frivolous motion. It is within the Court's discretion to impose monetary sanctions "[t]o deter frivolous and abusive litigation and promote justice and judicial efficiency." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987). "A document or argument generally is considered frivolous where it lacks an arguable basis either in law or in fact." *United States v. Akers*, 807 Fed. Appx. 861, 865 (10th Cir. 2020) (unreported) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Here, while the Court finds Ms. Freeman's motion to reconsider may lack an arguable basis in law or fact, it does not raise to the level of requiring sanctions. Ms. Freeman is pro se, is not a serial filer, and has not abused the Court system. Yet. Rather, she has attempted to abide by the rules of civil procedure, cited case law and statutes to support her points, and supported her case and responded to Defendant's motions without the excessive filings the Court often sees with pro se litigants. While the arguments in her motion are better suited for a direct appeal, the filing of it is more likely due to Ms. Freeman's lack of familiarity with the Court system and not an attempt to abuse the Courts or Defendant. Defendant's request for sanctions is denied—without prejudice to any future filings.

## *CONCLUSION*

For the reasons discussed in its Order Granting Motion to Dismiss Amended Complaint [ECF 18] Plaintiff has failed to state a claim for which relief can be granted. Her Motion for Reconsideration is DENIED.

**NOW, THEREFORE, IT IS ORDERED**, Plaintiff's Motion for Reconsideration [ECF 20] is **DENIED.**

**IT IS FURTHER ORDERED**, Defendant's request for sanctions is **DENIED.**

Dated this _11_ day of July, 2022.

Scott W. Skavdahl
United States District Judge